**Michael BURRELL, Plaintiff–
Appellant,**

v.

**AMERICAN TELEGRAPH & TELE-
PHONE CORPORATION, American
Telegraph & Telephone Company,
AT&T Solutions, Rick Oberman, offi-
cially and individually, Chaitanya Pa-
tel, officially and individually, Cecilia
Alexander, officially and individually,
Christopher Poli, officially and indi-
vidually, and Brian Fabiano, officially
and individually, Defendants–Appel-
lees.**

No. 07–0260–cv.

United States Court of Appeals,
Second Circuit.

June 20, 2008.

Will Levins, Ballon Stoll Bader & Nadler, P.C., New York, NY, for Appellant.

Kristine J. Feher, Day Pitney LLP, Morristown, NJ, for Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. PIERRE N. LEVAL and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Michael Burrell appeals from a judgment of the district court, entered December 26, 2006, dismissing his complaint with prejudice pursuant to Fed. R.Civ.P. 37 as a sanction for discovery abuse. *See Burrell v. AT&T Corp.,* No. 03 Civ. 2490(SAS), 2006 WL 3802224, 2006 U.S. Dist. LEXIS 93393 (S.D.N.Y. Dec.21, 2006). Burrell is a former employee of AT & T Corporation whose employment was terminated in April 2001. In the Second Amended Complaint, Burrell alleged that his termination was the result of racial discrimination in violation of 42 U.S.C. § 1981 and a violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and issues raised on appeal.

"A district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2), and will only be reversed if its decision constitutes an abuse of discretion." *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir.1991). In reviewing the exercise of discretion, "[w]e afford considerable deference to the district court's familiarity with the proceedings." *Friends of Animals Inc. v. U.S. Surgical Corp.,* 131 F.3d 332, 334 (2d Cir.1997) (per curiam). We review the district court's factual findings in support of its decision to impose sanctions for clear error. *Id.*

" '[D]ismissal under Fed.R.Civ.P. 37 is a drastic remedy that should be imposed only in extreme circumstances,' usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988) (citation and internal quotation marks omitted). "Severe sanctions are justified, however, when the failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods.,* 951 F.2d at 1367; *see also Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 135 (2d Cir.2007).

The district court did not clearly err in finding that Burrell intentionally and repeatedly concealed relevant and discoverable information, and that he actively misrepresented facts at his depositions: Burrell failed to comply with repeated court orders requiring him to provide complete discovery of his earnings; he failed to disclose over $30,000 in earnings despite numerous written requests and questions at his deposition; he testified to a place of residence at his deposition that was contradicted by sworn statements he made in connection with another lawsuit; he failed to disclose his involvement in a number of other lawsuits in response to questions at his depositions; he denied in his deposition having accused other individuals of race discrimination despite having made similar allegations in two other lawsuits; for years, he concealed the existence of audiotapes he had secretly recorded of conversations with AT&T managers, producing them only on the last day of discovery; and he refused to authorize the release of his 1099 forms despite court orders to do so. The district court did not abuse its discretion in concluding that Burrell's repeated, willful conduct warranted the sanction of dismissal.

Burrell was on notice of the possibility of dismissal. The district court explicitly warned him in a March 2006 court order that his complaint could be dismissed. In April 2006, the defendants moved for the first time to dismiss the complaint as a sanction pursuant to Rule 37 for Burrell's

failure to comply with the March 2006 order. Later in April, the district court warned Burrell that he would be precluded from relying on any financial records he failed to produce by a certain date. In July 2006 Burrell was again warned that he could be precluded from offering evidence on damages if he failed to comply with discovery requests. Finally, even once the defendants filed the instant and second Rule 37 motion to dismiss in September 2006, Burrell failed to comply with his outstanding discovery obligations. In light of this series of events, Burrell was on notice of the possibility of dismissal as a sanction for his repeated failure to comply with his discovery obligations.

Finally, the district court assessed the efficacy of lesser sanctions. It imposed lesser sanctions—preclusion orders and the assessment of attorney's fees—during the year before the complaint was finally dismissed, and it considered whether additional lesser sanctions for Burrell's additional failures would be effective. We find no abuse of discretion in the district court's conclusion that, at this stage, dismissal with prejudice was the only adequate sanction for Burrell's conduct.

For the foregoing reasons, the judgment of the district court is hereby AF-FIRMED.